RICKY HAZELETT,                          )
                                         )
                    Movant,              )
                                         )
          v.                             )        No. 4:10-CV-2214-JCH
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                    Respondent.          )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Ricky Hazelett to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On November 29, 1994, after a jury trial, movant was convicted of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii). The District Court sentenced movant to 322 months imprisonment and eight years of supervised release. Movant appealed. On April 4, 1996, the United States Court of Appeals for the Eighth Circuit affirmed the decision of the District Court. See United States v. Hazelett, 80 F.3d 280 (8th Cir. 1996). On November 4, 1996, the United States Supreme Court denied movant's petition for a writ of certiorari.

The Court's records show that movant previously brought a motion for relief under 28 U.S.C. § 2255, challenging his April 28, 2003 conviction. See Hazelett v. United States, No. 4:04-CV-1511-JCH (E.D. Mo.). This Court dismissed the action as time-

barred.  Id. [Doc. #3].  Movant appealed, and on May 2, 2005, the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal.  See Hazelett v. United States, No. 05-1127 (8th Cir.).

Movant filed the instant § 2255 motion in November 2010. The Court finds this motion to be successive.  See Diaz-Diaz v. United States, 297 Fed.Appx. 574, *575, 2008 WL 4746862, **1 (8th Cir. Oct. 29, 2008)(per curiam), citing, Villaneuva v. United States, 346 F.3d 55, 61 (2d Cir. 2003)("a habeas or § 2255 petition that is properly dismissed as time-barred . . . constitutes an adjudication on the merits for successive purposes") and Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002); see also McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009)(dismissal of first habeas petition for untimeliness presents "permanent and incurable" bar to federal review of underlying claims because a petitioner will never be able to overcome the statute of limitations bar); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003)(dismissal of untimely habeas petition operates as irremediable defect).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information.  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in

2

the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant successive § 2255 motion in this Court, the Court lacks authority to grant movant the relief he seeks. As such, this action will be summarily dismissed, without prejudice.

Therefore,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the Eighth Circuit Court of Appeals to bring the motion in this Court. <u>See</u> 28 U.S.C. § 2255.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of December, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE